UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

STACEY T.,[1]

      Plaintiff,

    v.                                                    20-CV-253 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## DECISION AND ORDER

Plaintiff Stacey T. brings this action under 42 U.S.C. § 405(g) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 15. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 19, 20. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title II Disability Insurance Benefits ("DIB") filed on March 6, 2012.[2] Tr. 277-78.[3] Plaintiff alleged that she became disabled on October 1, 2010. Tr. 277. Plaintiff's claim was denied initially, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 159-70, 171-72.

Following the hearing, ALJ Stanley A. Moskal, Jr. issued an opinion finding that Plaintiff was not disabled. Tr. 129-47. Plaintiff requested review by the Appeals Council, who vacated ALJ Moskal's decision and remanded the case for further proceedings. Tr. 148-53. The Appeals Council specifically ordered the ALJ to: (1) further evaluate the limitations caused by Plaintiff's dysthymic disorder; (2) further evaluate the opinion evidence; (3) further consider Plaintiff's residual functional capacity ("RFC"); and (4) obtain any necessary supplemental evidence. *Id.* at 150-52.

On June 29, 2017, ALJ Eric L. Glazer presided over a new hearing in which Plaintiff was represented by counsel. Tr. 88-121. ALJ Glazer's opinion, issued on September 20, 2017, found that Plaintiff was not disabled. Tr. 35-54. Plaintiff's

---

[2] Plaintiff applied for DIB, which requires a showing that she became disabled while meeting the Act's insured status requirements. *See generally Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022); 42 U.S.C. § 423(d)(1)(A).

[3] The filing at Dkt. 12 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 12 are hereby denoted "Tr. __."

request for Appeals Council review was denied, after which she commenced this action. Tr. 1-3; Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the

3

claimant has had a full hearing under the . . . regulations and in accordance with
the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v.
City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520.  First, the ALJ
must determine whether the claimant is currently engaged in substantial gainful
activity.  20 C.F.R. § 404.1520(b).  "Substantial work activity" is work activity that
involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  If the
ALJ finds that the claimant is engaged in substantial gainful activity, the claimant
cannot claim disability.  20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically
determinable impairment or a combination of impairments that significantly limits
the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).
Absent such impairment, the claimant may not claim disability.  *Id.*

Third, the ALJ must determine whether the claimant meets or medically
equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix
1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If such criteria are met, then
the claimant is declared disabled.  20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ
may still find disability under the next two steps of the analysis.  The ALJ must
determine the claimant's residual functional capacity ("RFC").  20 C.F.R.
§ 404.1520(e).  The RFC is a holistic assessment of the claimant's medical

impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ to prove that a significant number of jobs in the national economy exist that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff had not engaged substantial gainful activity during the period from her alleged onset date of October 1, 2010, through her date last insured of December 31, 2015. Tr. 38. He also found that Plaintiff suffered from one severe impairment: systemic lupus erythematosus ("SLE") with

5

lupus nephritis. *Id.* The ALJ concluded, however, that Plaintiff's SLE did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 40.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), including "lifting and carrying up to ten pounds frequently and twenty pounds occasionally, and pushing and pulling as much as she could lift and carry," with the following limitations:

> [Plaintiff] could sit for up to a total of six hours, stand for up to a total of four hours, and walk for up to a total of two hours; could frequently reach overhead to the left and right; could climb ramps and stairs frequently but never climb ladders, ropes[,] or scaffolds; could balance and crawl occasionally; could stoop, kneel[,] and crouch on an incidental basis but not repetitively; could never work at unprotected heights, around moving mechanical parts[,] or in humidity or wetness; was required to avoid concentrated exposure to dust, odors, fumes[,] and pulmonary irritants; could understand, remember[,] and carryout [sic] simple, routine[,] and repetitive tasks but not at a production rate pace (e.g., assembly line work); could have no more than incidental (1/6th of shift) interaction with co-workers and the public as necessary to perform assigned work, with visible or audible contact permitted at all times provided no interaction was required; could deal with changes in the work setting provided these were limited to simple work-related decisions; would have been off task only to an extent that could have been accommodated by normal breaks; and she would have been absent once per month, at a two-hour interval, for prearranged behavioral health appointments, including vicinity travel to and from the worksite.

Tr. 40.

The ALJ found that Plaintiff was unable to perform any past relevant work through the date last insured, but he concluded that Plaintiff was not disabled as

defined by the Act because Plaintiff's age, education, work experience, and RFC allowed her to perform jobs that existed in significant numbers in the national economy during the relevant period. Tr. 45. Therefore, according to the ALJ, Plaintiff was not entitled to DIB at any time during the period from October 1, 2010, the alleged onset date, through December 31, 2015, the date last insured. Tr. 46.

## II.   Plaintiff's Argument

Plaintiff makes two arguments for judgment in her favor. Dkt. 15-1 at 19, 23. First, Plaintiff asserts that the ALJ failed to evaluate properly the opinions of consultative internal medicine examiner, Nikita Dave, M.D., and state agency review psychologist, J. Echevarria, Ph.D. *Id.* at 19. Second, Plaintiff claims that the ALJ's decision contained an internal inconsistency that should have been resolved by the ALJ. *Id.* at 23. As set forth below, Plaintiff's arguments are without merit.

## III.   Analysis

### A. The ALJ properly considered the opinions of Dr. Dave and Dr. Echevarria.

Plaintiff's first argument is that the ALJ failed to evaluate properly the opinions of Dr. Nikita Dave and Dr. J. Echevarria. Dkt. 15-1 at 19. Plaintiff particularly faults the ALJ for not explicitly addressing the portion of Dr. Dave's opinion stating that Plaintiff "may require more . . . frequent rest intervals" or Dr. Echevarria's mental RFC assessment issued on November 14, 2012. *Id.* (citing Tr. 528, 539).

7

To begin, Dr. Dave and Dr. Echevarria are not Plaintiff's treating physicians, so the ALJ's application of the "treating physician" rule is not at issue. *See generally* 20 C.F.R. § 404.1527; *Estrella*, 925 F.3d at 95-96. For examining physicians, however, an ALJ must simply provide justifications for the assigned weights. *See Laware v. Colvin*, 290 F. Supp. 3d 182, 186 (W.D.N.Y. 2017) (holding that remand is required where "the ALJ failed to explain the weight (if any) afforded to the opinions of examining physician . . . [causing the court to be] unable to determine whether the ALJ duly considered all of the medical opinions of record"). Here, the ALJ gave "some weight" to both the opinion of Dr. Dave and the opinion of Dr. Echevarria. Tr. 38, 44.

The ALJ found that Dr. Dave's opinion, while vague, was "supported by the record, including [Plaintiff's] reports to treating and examining sources as to her activity level, and it [was] consistent in general terms with the residual functional capacity determined above." Tr. 44. It does not matter that the ALJ only directly quoted the portion of Dr. Dave's opinion stating that Plaintiff "had moderate limitations for activities requiring sustained physical exertion and endurance through the day"; just because an ALJ does not explicitly state a piece of evidence in his decision, that does not mean he failed to consider it. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted. . . . An ALJ's

failure to cite specific evidence does not indicate that such evidence was not considered.") (internal quotation marks and citation omitted).

Turning to Dr. Echevarria's opinion, which stated that Plaintiff remained able to perform work despite a severe mental impairment and moderate difficulties in maintaining concentration, persistence, or pace, the ALJ concluded that the record did not "support a finding of more than a mild limitation in [Plaintiff's] ability to concentrate, persist[,] or maintain pace." Tr. 38 (citing Tr. 539). The ALJ did not have to adopt fully Dr. Echevarria's RFC assessment as his own, as long as the final RFC assessment was supported by substantial evidence and consistent with the record as a whole. *See Susan B. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 107, 119 (W.D.N.Y. 2021) (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)). The ALJ was free to find that Plaintiff had only a mild limitation in her ability to concentrate, persist, or maintain pace and to address that limitation in making his RFC determination.

In sum, Plaintiff disagrees with how the ALJ evaluated the opinions of Dr. Dave and Dr. Echevarria in making the RFC determination. *See* Dkt. 15-1 at 19-23. Plaintiff instead must show that no reasonable factfinder could reach the same conclusions as the ALJ. *See Brault*, 683 F.3d at 448 (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)). Plaintiff failed to meet this burden and, as such, her first argument is without merit.

**B. The ALJ was not required to consider Listing 12.04 at step two
of the disability determination.**

Plaintiff's second argument is that the ALJ's decision contained an internal
inconsistency that should have been resolved. Dkt. 15-1 at 23. Plaintiff asserts
that the ALJ's step two finding that her dysthymia[4] was not a severe impairment
and that she had only "mild" limitations in interacting with others was incongruous
with the RFC determination.[5] *Id.* at 24. According to Plaintiff, this inconsistency
would have been resolved had the ALJ considered Listing 12.04 at step three
because Plaintiff would have automatically been declared disabled. *Id.*

As both parties acknowledge, an ALJ's step three determination is not an
RFC determination, and any finding the ALJ makes at step three does not have to
be included in the RFC determination. Dkt. 15-1 at 24; Dkt. 19-1 at 15; *see*
*McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014) (citing *Dixon v. Shalala*, 54
F.3d 1019, 1030 (2d Cir. 1995)) ("Contrary to McIntyre's assertion, an ALJ's
decision is not necessarily internally inconsistent when an impairment found to be
severe is ultimately found not disabling: the standard for a finding of severity under
Step Two of the sequential analysis is *de minimis* and is intended only to screen out

---

[4] "Dysthmia" is "a milder, but long-lasting form of depression . . . also called
persistent depressive disorder." *Dysthmia*, Johns Hopkins Medicine,
https://www.hopkinsmedicine.org/health/conditions-and-diseases/dysthymia (last
visited Nov. 7, 2022).

[5] The portion of the RFC determination at issue is that Plaintiff "could have no
more than incidental (1/6th of shift) interaction with co-workers and the public as
necessary to perform assigned work, with visible or audible contact permitted at all
times provided no interaction was required." Tr. 40; Dkt. 15-1 at 24.

the very weakest cases."). The ALJ did not consider Listing 12.04 at step three because he did not find Plaintiff's dysthymia to be severe at step two.[6] *See Bowen* 476 U.S. at 470; *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). Plaintiff is not entitled to remand simply because the ALJ included a more restrictive limitation in the RFC than perhaps necessary after finding that Plaintiff had "mild" limitations in interacting with others.

---

[6] Plaintiff does not argue that the ALJ erred at step two, and even if the ALJ had erred, it was harmless. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013); *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 6 (W.D.N.Y. 2022). The ALJ still considered Plaintiff's non-severe dysthymia in making the RFC determination. *See* Tr. 41 ("At the hearing on June 29, 2017, [Plaintiff] testified concerning mental health symptoms found above to be the result of non-severe dysthymia."); *see also Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012); *Felix S. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, No. 6:20-CV-06703, 2022 WL 4486319, at *4 (W.D.N.Y. Sept. 22, 2022).

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 19) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 15).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:        November 9, 2022
              Buffalo, New York

              _____
              JOHN L. SINATRA, JR.
              UNITED STATES DISTRICT JUDGE

12